13 MISC 00345

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SHANICE N. BACOTE,
*on behalf of herself and all others similarly*
*situated*

               Plaintiff,

    - against -

FEDERAL BOND COLLECTION
SERVICES, INC. *also known as*
FBCS, INC., LVNV FUNDING, LLC and
JOHN DOES 1-25,

               Defendants.



## MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY SHERMAN FINANCIAL GROUP, LLC'S MOTION TO QUASH

### PRELIMINARY STATEMENT

Sherman Financial Group, LLC ("Sherman") is a non-party in this litigation and has been subpoenaed by Plaintiff to produce an overly broad, unduly burdensome and wholly irrelevant array of confidential documents, which are of no import to the underlying matter. Accordingly, Sherman's motion to quash should be granted.

### STATEMENT OF FACTS

On March 12, 2013, Plaintiff filed a Complaint in the District of New Jersey against defendants Federal Bond Collection Services, Inc., LVNV Funding, LLC and John Does 1-25, alleging violations of the Fair Debt Collection and Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"). Although Sherman was not mentioned anywhere in the Complaint, Sherman was served with an overly broad subpoena on September 2, 2013. The subpoena specifically sought the following:

1)  All contracts and agreements between Sherman [] and FIA Card Services, N.A. ["FIA"] and/or Bank of America ["BOA"], in effect between December 1, 2010 and present;

2) All documents (paper or electronic) supplied to Sherman [], with respect to the account of Shanice N. Bacote;

3) Your complete file (paper and/or electronic) for Shanice N. Bacote;

4) All documents relating to the sale and/or transfer of Shanice N. Bacote's account with [FIA] and/or [BOA] to Sherman [].

There is no indication, either in the Complaint or in the subpoena, of the relevance of the contracts and agreements between Sherman and FIA and/or BOA to Sherman, who are also other non-parties to this litigation. The documents relating to the sale and/or transfer of Plaintiff's account from Sherman to FIA and/or BOA, if any, are also inconsequential to this case because there are no allegations that Sherman, FIA and/or BOA to Sherman were involved or somehow responsible for the collection activity of Plaintiff's account. Indeed, once Plaintiff's account was sold or transferred, Sherman, FIA and/or BOA to Sherman no longer retained control over Plaintiff's account.

## ARGUMENT

### POINT I

### THE SUBPOENA IS OVERLY BROAD AND UNDULY BURDENSOME

Plaintiff's first document request to Sherman is overly broad and unduly burdensome as it seeks confidential documents with no relevance to the underlying dispute.  Exhibit A, ¶ 1. The issues underlying this dispute arise from Plaintiff's allegations that Defendants violated the FDCPA.  Plaintiff has not articulated, in the Complaint or anywhere else what relationship Defendants have with Sherman and how that relationship is relevant to Plaintiff's claims or any of the defenses asserted by Defendants.  Despite this failure, the subpoena also seeks all contracts and agreements between Sherman, a non-party, and FIA and/or BOA, both of whom

2

are also non-parties to the lawsuit; such request is even further from this litigation. As such, these documents do not relate to the issue of whether Defendants violated the FDCPA in purportedly attempting to collect a debt from Plaintiff.

Furthermore, the contracts and agreements sought by Plaintiff are subject to confidentiality agreements between Sherman and FIA or Sherman and BoA. Federal Rule of Civil Procedure 45(e)(3)(4) provides that "the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." It would be an undue burden for Sherman, a non-party in this litigation, to have to violate its confidentiality agreements with FIA and BOA, simply to provide Plaintiff with irrelevant information or not likely to lead to the discovery of admissible evidence.

**POINT II**

**ALTERNATIVELY, PRODUCTION BY SHERMAN SHOULD BE PROTECTED**

Pursuant to FRCP 26(c), a court for good cause may enter an order to protect discovery into certain matters. As the information sought here pertains to private and confidential information between non-parties to the underlying dispute and contain proprietary information, any production of documents in response to Plaintiff's subpoena should be subject to a protective order to be endorsed by this Court.

3

130663253v1 0946181

**CONCLUSION**

For all the foregoing reasons, non-party SHERMAN FINANCIAL GROUP, LLC respectfully requests that this Court quash Plaintiff's subpoenas seeking information and, in the alternative, for a protective order, and for any other relief that this Court deems just and proper.

Dated: New York, New York
October 4, 2013

HINSHAW & CULBERTSON LLP
*Attorneys for Non-Party Witness*
*Sherman Financial Group, LLC*

By: _____
Conception A. Montoya, Esq.

800 Third Avenue, 13th Floor
New York, New York 10022
Tel: 212-471-6200
Fax: 212-935-1166
Email: cmontoya@hinshawlaw.com

TO:   Joseph K. Jones
      Joseph K. Jones, LLC
      100 Park Avenue, 20th Floor
      New York, NY 10017
      Tel: (646) 459-7971
      Email: jkj@legaljones.com

      J. Scott Murphy, Esq.
      Garrity Graham Murphy Garofalo & Flinn
      72 Eagle Rock Avenue, Suite 350
      P.O. Box 438
      East Hanover, NJ 07936

4

130663253v1 0946181

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SHANICE N. BACOTE,
*on behalf of herself and all others similarly
situated*

                  Plaintiff,

      - against -

FEDERAL BOND COLLECTION
SERVICES, INC. *also known as* FBCS, INC.,
LVNV FUNDING, LLC and JOHN DOES 1-
25,

                  Defendants.

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                  ) SS.:
COUNTY OF NEW YORK  )

      ANNE KING, being duly sworn, deposes and states:

      I am over the age of eighteen (18) years, am not a party to the captioned action and I am an employee of the law firm of Hinshaw & Culbertson LLP, located at 800 Third Avenue, 13th Floor, New York, New York 10022.

      On October 4, 2013, I caused a true copy of Notice of Motion, Declaration of Concepcion a. Montoya and Memorandum of Law in Support of Non-Party Sherman Finaical Group, LLC's Motion to Quash to be served by email and first class mail in a sealed envelope, addressed to the last known addresses of the addressees indicated below and also by email.

JOSEPH K. JONES
LAW OFFICES OF JOSEPH K. JONES, LLC
*Attorneys for Plaintiff*
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
Tel: (973) 227-5900
Email: jkj@legaljones.com

JAMES SCOTT MURPHY
GARRITY GRAHAM MURPHY
GAROFALO & FLINN
*Attorneys for Defendant*
72 Eagle Rock Avenue - Suite 350
PO Box 438
East Hanover, New Jersey 07936
Tel: (973) 509-7500 x 2288
Email: jsm@garritygraham.com

                                _____
                                Anne King

Sworn to before me this
4th day of October, 2013

_____
Notary Public

TRACIA M HARRY
Notary Public, State of New York
No. 01HA6239765
Qualified in Kings County
Commission Expires April 25, 2015